J. SCOTT GERIEN (State Bar No. 184728)
sgerien@dpf-law.com
JOY L. DURAND (State Bar No. 245413)
jdurand@dpf-law.com
DICKENSON, PEATMAN & FOGARTY
1455 First Street, Suite 301
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff
JAM CELLARS, INC.


GREGORY S. GILCHRIST (State Bar No. 111536)
ggilchrist@kilpatricktownsend.com
SOPHY T. MANES (State Bar No. 287583)
smanes@kilpatricktownsend.com
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

Attorneys for Defendant
THE WINE GROUP LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JaM Cellars, Inc.,<br><br>       Plaintiff,<br><br>  vs.<br><br>The Wine Group LLC,<br><br>       Defendant. | CASE NO. 3:17-cv-02333-WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>DATE:    August 8, 2017<br>TIME:    2:00 p.m.<br>ROOM:  2, 17th Floor |

    The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

JOINT CASE MANAGEMENT STATEMENT      1      3:17-cv-02333-WHO

1. **Jurisdiction and Service**

The parties agree that this Court has subject matter jurisdiction pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a), as the claims arise under the federal Lanham Act, 15 U.S.C. §§1116-1127.  This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).  There are no existing issues regarding personal jurisdiction or venue, and no parties remain to be served.

2. **Facts:**

**Plaintiff's Statement:**

Plaintiff is a privately-owned winery located in Napa, California that produces wine under the trademark BUTTER.  Plaintiff is the owner of incontestable U.S. Trademark Registration No. 3,999,253 for the mark BUTTER for wine in International Class 33, issued on July 19, 2011 with a constructive first use date of April 11, 2010.  Plaintiff alleges that it has used the BUTTER mark on wine since as early as August of 2010.  Plaintiff further alleges that it produces a Chardonnay wine under its BUTTER mark which is made from California grapes and distributes its BUTTER wine in forty-eight (48) states, including the State of California.

Defendant is a Delaware limited liability company that produces wine under the mark BUTTERKISSED.  On December 14, 2016, the U.S. Alcohol and Tobacco Tax and Trade Bureau ("TTB") issued a Certificate of Label Approval ("COLA") to Defendant for a Chardonnay wine produced from California grapes featuring the mark BUTTERKISSED (COLA TTB ID No. 16344001000430).  The issuance of a COLA by the TTB is a legal prerequisite for the release of a wine into U.S. commerce.

In early January 2017, Plaintiff's counsel advised Defendant's counsel that Plaintiff objected to the BUTTERKISSED mark and inquired as to Defendant's intent in proceeding with the label.  Plaintiff's counsel further advised that if Defendant proceeded with use of the BUTTERKISSED label, Plaintiff would bring a trademark infringement action against Defendant.  Defendant's counsel advised that Defendant was not ready to roll out its BUTTERKISSED wine so Plaintiff agreed that it would not initiate an infringement action unless the wine was introduced.  Thereafter, Plaintiff learned that Defendant's BUTTERKISSED wine

was released to the market.

Plaintiff alleges that Defendant adopted the BUTTERKISSED mark to capitalize upon the great success of the BUTTER brand and to unfairly compete with the BUTTER brand by misleading consumers as to the origin of the BUTTERKISSED brand.

Consequently, Plaintiff filed this action against Defendant for trademark infringement, unfair competition, and false or misleading statements on April 25, 2017 in the United States District Court for the Northern District of California.  Defendant filed its Answer on May 19, 2017.

**Defendant's Statement:**

Defendant, The Wine Group LLC (or "TWG"), is a wine producer based in California. TWG produces wine under multiple brands, including Cupcake® wine from Cupcake Vineyards — a top-selling brand of premium wine.  Launched in 2008, Cupcake Vineyards offers a variety of red, white, rosé, and sparkling wines, including California Chardonnay, all of which is sold under the well-known Cupcake Vineyards name and trademark.

In December 2016, TWG obtained a COLA from the TTB for a Chardonnay wine to be sold under its Cupcake Vineyards brand name. The Chardonnay, which is described as having "Buttery • Creamy • Vanilla" notes, includes BUTTERKISSED on the bottle as a fanciful name for the wine that appears below the Cupcake Vineyards brand name and logo.  TWG's use of BUTTERKISSED – in a highly stylized script and a smaller font size than that used for the CUPCAKE VINEYARDS mark –creates a completely distinct commercial impression and look in contrast to the larger, bold, irregular-sized, serif type style used for BUTTER on Plaintiff's wine.  The labels shown below plainly demonstrate the differences in the parties' uses of the relevant names:




1    The term "butter" is frequently used in the wine industry to describe a characteristic of
2    some Chardonnay wines.  The use of "butter" in connection with wine is so popular that, as of the
3    date of this Joint Case Management Statement, multiple, unrelated third parties are currently
4    using BUTTER-formative trademarks for wine, including but not limited to BUTTERCREAM,
5    BREAD & BUTTER, BUTTER BLOCK, BUTTERNUT, BUTTER OAK, BUTTER FACE, and
6    BUTTERDUCKS.  Because consumers know that "butter" often describes certain Chardonnay
7    wines, and given that there are several BUTTER-formative marks currently in use for wine,
8    consumers are not likely to assume that all references to "butter" in connection with wine indicate
9    that such wines originate from Plaintiff or any other single source.  TWG contends that the
10   evidence will demonstrate that Plaintiff's BUTTER mark is weak, and that the scope of protection
11   for BUTTER or any BUTTER-formative mark for wine is narrow.
12   It appears that, even while Plaintiff pursues its claims against TWG, Plaintiff has made an
13   agreement with Cult of 8, Inc. d.b.a. Alcohol by Volume, the predecessor-in-interest to Winery
14   Exchange, Inc., not to challenge the use or registration of the BREAD & BUTTER trademark.
15   Winery Exchange's BREAD & BUTTER mark is far more similar to Plaintiff's BUTTER mark,
16   particularly in light of Plaintiff's use of the TOAST mark for sparkling wine.  Within this
17   crowded field, TWG's use of BUTTERKISSED is more distinct from Plaintiff's use of BUTTER
18   than all the other BUTTER-formative marks.
19   Defendant's use of BUTTERKISSED is not likely to cause confusion with Plaintiff's use of
20   BUTTER for wine.
21   **3.    Legal Issues:**
22   The legal issues in this case include, among others, whether Defendant's use of the mark
23   BUTTERKISSED for wine is likely to cause confusion or to deceive with respect to Plaintiff's
24   BUTTER mark for wine so as to infringe Plaintiff's trademark rights, to mislead or deceive
25   consumers, or to unfairly compete with Plaintiff (15 U.S.C. §§1114, 1125(a); Cal. Bus. & Prof.
26   Code §§ 17200, 17500).  Other legal issues may include whether Plaintiff is estopped from
27   challenging TWG's use, is entitled to the injunctive relief it seeks, or is entitled to any damages at
28   all from the alleged infringement. Defendant asserts that there may be legal issues regarding

whether either party is entitled to a jury trial.

**4.     Motions:**

Presently, there are no prior or pending motions.  The parties reserve their rights to file any motions pursuant to the Federal Rules of Civil Procedure and/or Local Civil Rules throughout the course of this litigation.

**5.     Amendment of Pleadings:**

The parties do not anticipate any amendment to the pleadings at this time but the parties reserve the right to amend the pleadings with additional claims and defenses following fact discovery.

**6.     Evidence Preservation:**

All parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures:**

The parties have agreed to comply with the initial disclosure requirements of Federal Rule of Civil Procedure 26 by August 10, 2017.

**8.     Discovery:**

**Plaintiff's Statement:**

Plaintiff expects to propound discovery relevant to its claims and Defendant's defenses presented in this action, including by not limited to the following:

- Defendant's adoption and design of its mark;
- Defendant's advertising and marketing, including advertising and marketing using the allegedly infringing mark;
- Defendant's sales information and financial data, including all sums associated with the allegedly infringing mark;
- Defendant's sales and distribution of products;
- Defendant's profits earned on allegedly infringing products;

- Identities of persons in Defendant's business;
- All trademark searches or other inquiries performed by or on behalf of Defendant related to the mark;
- Any and all instances or evidence of consumer confusion; and
- Defendant's marketing and promotional policies related to the sale of wine.

**Defendant's Statement:**

Defendant expects to propound discovery relevant to its defenses and Plaintiff's claims asserted in this action, including but not limited to the following:

- Plaintiff's adoption of BUTTER as a trademark for wine, and all due diligence, including trademark searches, it conducted prior to its adoption;
- Plaintiff's efforts to enforce its BUTTER mark;
- Plaintiff's advertising, marketing, and promotion, including promotion of its BUTTER mark;
- Plaintiff's financial information, including all sales, profits, and revenue associated with its BUTTER mark;
- Plaintiff's channels of trade;
- Any instances of actual confusion; and
- Plaintiff's alleged damages, if any.

The parties propose that the discovery limitations set forth in the Federal Rules of Civil Procedure govern this matter. The parties may stipulate to further variations from these discovery limitations without making an application to the Court.

The parties will enter into a stipulated Protective Order to protect the confidentiality of certain documents that may be produced in this litigation. Privileged information that is inadvertently produced shall not be deemed a waiver of the attorney-client privilege, attorney work product protection, or any other recognized privilege or protection with respect to that information, and documents containing such information shall be returned immediately to the producing party in accordance with the stipulated protective order.

///

**9. Class Actions:**

Not applicable.

**10. Related Cases:**

There are no related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

**11. Relief:**

**Plaintiff's Statement:**

Plaintiff seeks, among other relief requested in its Complaint, an injunction, damages, that damages be trebled, punitive damages, and its attorneys' fees. Plaintiff states that it is unable to calculate monetary damages without conducting discovery and anticipates damages may be calculated based on Defendant's profits.

**Defendant's Statement:**

Plaintiff is not entitled to any relief, including but not limited to injunctive relief, monetary damages, or attorneys' fees. Defendant seeks an award of costs of suit incurred, including but not limited to attorneys' fees and expenses and all other costs of defense.

**12. Settlement and ADR:**

The parties have not yet taken part in any ADR. The parties have agreed to take part in mediation within ninety (90) days from entry by the court of the Stipulation and [Proposed] Order filed by the parties on July 18, 2017. All parties have filed ADR certifications pursuant to ADR L.R. 3-5(b). The parties are also in communication concerning potential settlement proposals.

**13. Consent to Magistrate Judge For All Purposes:**

All parties have not consented to have a United States magistrate judge conduct all further proceedings including trial and entry of judgment.

**14. Other References:**

The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

///

**15. Narrowing of Issues:**

The parties are open to the possibility of narrowing the issues, however, it is not clear to either party at this point in the proceedings which issues might be narrowed.

**16. Expedited Trial Procedure:**

The parties do not believe that this matter can be handled on an expedited basis with streamlined procedures.

**17. Scheduling:**

The parties submit the following proposed schedule:

- Initial Disclosures – August 10, 2017
- Close of Fact Discovery – March 28, 2018
- Exchange of Expert Reports/Disclosure – April 30, 2018
- Exchange of Expert Rebuttal Reports/Disclosure – May 31, 2018
- Close of Expert Discovery – June 23, 2018
- Hearing of Dispositive Motions – August 7, 2018
- Pretrial Conference – September 28, 2018
- Trial – October 22, 2018

**18. Trial:**

If it is determined that either party is entitled to a jury trial, the expected length of trial is five (5) days.

**19. Disclosure of Non-party Interested Entities or Persons:**

All of the parties have filed the "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15, as follows:

**Plaintiff's Statement:**

Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

**Defendant's Statement:**

Pursuant to Federal Rule of Civil Procedure 7.1, The Wine Group LLC discloses that there are no parent companies or public companies that own 10% or more of its stock or

equity. Each of the following individual members owns a 10% or larger share of the LLC: Brian Vos, Ken Lizar, John Sutton, James Evans, and Richard Mahoney.

Pursuant to Civil Local Rule 3-15, the undersigned certifies that, other than Plaintiff, the members of the LLC listed above, and the members of the LLC whose shares are less than 10%, there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding.

**20. Professional Conduct:**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters:**

The parties do not believe that there are any further matters that may facilitate the just, speedy, and inexpensive disposition of this matter at this time.

Respectfully Submitted,

Dated: August 1, 2017       DICKENSON, PEATMAN & FOGARTY

/s/ J. Scott Gerien
J. Scott Gerien

Attorneys for Plaintiff,
JAM CELLARS, INC.

Dated: August 1, 2017       KILPATRICK TOWNSEND & STOCKTON LLP

/s/ Gregory S. Gilchrist
Gregory S. Gilchrist

Attorneys for Defendant,
THE WINE GROUP LLC

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

DATED: _____, 2017        _____
                                            HONORABLE WILLIAM H. ORRICK
                                            UNITED STATES DISTRICT JUDGE